IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

VS.                                              NO.  4:15CR00046-03 DPM

GRAYSON MOORE                                                                          DEFENDANT

### DEFENDANT'S SENTENCING MEMORANDUM

Comes now the Defendant, Grayson Moore, by and through her attorney, Arkie Byrd, and for her Sentencing Memorandum, states the following:

### HISTORY OF THE CASE

Defendant Grayson Moore was charged in a Six Count Indictment with conspiracy to possess methamphetamine with intent to distribute and with an additional count alleging that on or before January 6 that Defendant, along with her Co-Defendant Richard Pratt did knowingly and intentionally possess with intent to distribute less than 50 grams of a mixture in substance containing a detectable amount of methamphetamine.

On February 9, 2015, Defendant Moore appeared at her Plea and Arraignment and entered a plea of not guilty to both counts of the indictment.

On September 9, pursuant to Defendant Moore entering into a Plea Agreement, Defendant appeared before this Court at a change of plea hearing and pled guilty to Count I of the Indictment. Subsequently, the Government moved to dismiss Count IV of the Indictment.  This Court has set a sentencing hearing date for Defendant Moore for December 15, 2015.

A Presentencing Investigation Report was prepared and submitted to Defendant's counsel on November 13, 2015.  Said Presentencing Report amended a prior Presentencing Investigation

Report with corrections to paragraphs 40, 41, 43, 44, 45, 46 and 48.  Defendant has submitted any and all corrections to her Presentencing Report.

According to the Presentencing Report, Defendant has an offense level of 18.  Pursuant to the Plea Agreement will receive a 2 point reduction from her offense level for acceptance of responsibility thus, Defendant's offense level is 16.  According to the Presentencing Report, the Defendant has a criminal history category of II.  Based on a total offense level of 16 and a criminal history category of II, the guideline imprisonment range for Defendant is 24 to 30 months.

### HISTORY AND CHARACTERISTIC OF GRAYSON MOORE

Ms. Grayson is a 32 year old female who has a troubled history related to substance abuse, as well as a history of depression.  As noted in the Presentencing Report, Ms. Grayson first began to use illegal drugs at the age of 20.  While a good student in school, she apparently struggled even during her high school years, with issues around depression and was treated at Bridgeway Hospital in North Little Rock from the age 15 to the age of 20.  (Defendant also has family members, a brother, who also has struggled with substance abuse.)

While on pretrial release, Defendant participated in mental health treatment, as well as treatment for substance abuse.  There seems to be a pattern of substance abuse and problems with mental illness, that is depression, anxiety and more recently, sleep disturbance that has plagued Ms. Moore for a significant amount of time.  During her stay at Freedom House, as ordered by this Court in Russellville, Arkansas, she has made much improvement and has not tested positive in any of her drug screens.  According to the Presentencing Report and information obtained from her pretrial officer, Ms. Moore has been compliant for an extended period time with the conditions of her release and with the mental health and substance abuse programs in which she has participated.

Ms. Moore still has a lot of challenges facing her including the care and support of three minor children who are presently being cared for by her aging parents. To relieve any further burden on her parents as well as for more altruistic reasons, Ms. Moore agreed to the adoption of a child that she was pregnant with at the time of her indictment. It is an open adoption to the extent that it is a family member and Ms. Moore does have some ability to have access to and information about the child that she has given up for adoption. Should Ms. Moore be incarcerated, the continued burden of caring for her three minor children will fall to her parents. According to the statement of Ms. Moore's father (Neal Moore), Ms. Moore has been afforded the opportunity to spend time with her children. Her father reports that she has done just that. She has been more intensely involved and engaged with the raising and caring of her children given the conditions of her continued release.

Parental involvement with her children has been intermittent given her substance abuse and her treatment and her participation in drug treatment. To the extent that she has any opportunity to visit and parent her children, Ms. Moore has taken full advantage of that. It is apparent that since Ms. Moore has been charged, she has made significant strides in reclaiming her life and being fully engaged as a parent to her children. She stated she receives no financial support from the fathers of her three minor children. Should Ms. Moore be incarcerated, her parents will continue to care for them. However, the consequences and the impact on her children cannot be ignored and Ms. Moore would beseech the Court to understand this matter as the Court, I'm sure, can appreciate.

Ms. Moore's life had been spiraling out of control for an extended period of time. Her pretrial release has definitely afforded her an opportunity to reclaim her life and to re-enter it in a different way.

Ms. Moore has been steadily employed since she has been on pretrial release and, in fact, has a strong work history even prior to her indictment.

## CRIMINAL PAST

According to the Presentencing Report, the only criminal history Ms. Moore has is two Class A misdemeanors. One involving third degree domestic battery and DUI first offense. Even though these offenses are Class A Misdemeanors, and she would not suggest that they should not be taken seriously, Defendant asserts that they over represent the seriousness of her criminal history. She believes they do not represent a prediction of her likelihood to necessarily commit other crimes. While this is more of an argument for departure rather than variance, we think the Court should take note of the logic that Defendant employs to bring this matter to the Court's attention.

## SENTENCE

Relying on *United States vs. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed2 621 (2005),* Ms. Moore urges this Court to conclude that the guideline sentencing range of 24 to 30 months would be inconsistent with the congressional sentencing directive set forth in 18 U.S.C. §3553, which requires the sentencing court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." 18 U.S.C. §3553(a). Section 3553(a)(2) states that such purposes include the need: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrance to criminal conduct; (C) to protect the public from further crimes of the Defendant; and, (D) to provide the Defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.

Section 3553(a) also instructs the sentencing court to consider: (1) the nature and circumstance of the offense and the history and characteristics of the Defendant; (2) the need for the sentence imposed to be based on the purposes described above; (3) the kinds of sentences available; (4) the sentencing range established by the guidelines; (5) any pertinent policy statement issues by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among Defendants with similar records who have been found guilty of similar conducts; and, the need to provide restitution.

Defendant would urge this Court to consider lesser alternatives, if possible. Ms. Moore does not have an extended, egregious criminal history. In fact, her only two prior offenses have been misdemeanors. While serious and important, Defendant believes that the misdemeanor offenses do not represent a pattern and practice of conduct that warrants extended incarceration.

Moreover, lesser alternatives can be just as effective in meeting the goals and strictures of 18 U.S.C. §3553(a); especially in light of the overwhelming numbers of individuals incarcerated in the federal system and the need for alternatives other than incarceration for non-violent offenders who do not have extended criminal histories.

WHEREFORE, for the reasons stated herein, Defendant requests this Court to consider a variance under the circumstances of her case.

Respectfully submitted,

/s/Arkie Byrd #80020
MAYS, BYRD & ASSOCIATES, P.A.
415 Main Street
Little Rock, AR  72201
501-372-6303  Telephone
501-399-9280  Facsimile
E:mail: abyrd@maysbyrdlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on December 4, 2015, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which shall send notification to the following:

Erin Siobhan O'Leary    erin.o'leary@usdoj.gov, melinda.wheeler@usdoj.gov

                /s/Arkie Byrd